```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                                      :

DENNIS HERULA                               :     BK No. 02-14346
              Debtor                              Chapter 7
                                            :

RENE MAROTEN,
STEWART F. GROSSMAN, TRUSTEE                :
              Plaintiffs
     v.                                     :     A.P. No. 04-1029


IRAJ SAFAPOUR and                           :
PAUL GROTHE
              Defendants                    :
- - - - - - - - - - - - - - - - - -x
```

### ORDER GRANTING DEFENDANT GROTHE'S MOTION FOR ABSTENTION

APPEARANCES:

　　Adam J. Ruttenberg, Esq.
　　Attorney for Plaintiff, Stewart F. Grossman, Trustee
　　LOONEY & GROSSMAN LLP
　　101 Arch Street
　　Boston, MA 02110

　　Peter J. Furness, Esq.
　　Attorney for Plaintiff, Stewart F. Grossman, Trustee
　　BRENNAN RECUPERO CASCIONE SCUNGIO & McALLISTER, LLP
　　362 Broadway
　　Providence, RI 02909

　　Thomas E. Carlotto, Esq.
　　Attorney for Plaintiff, Rene Maroten
　　SHECHTMAN HALPERIN SAVAGE, LLP
　　86 Weybosset Street
　　Providence, RI 02903

　　Bruce W. Gladstone, Esq.
　　Attorney for Defendant, Iraj Safapour
　　CAMERON & MITTLEMAN
　　56 Exchange Terrace
　　Providence, RI 02903

　　Robert D. Wieck, Esq.
　　Attorney for Defendant, Paul Grothe
　　MacADAMS & WIECK INCORPORATED
　　101 Dyer Street, Suite 400
　　Providence, RI 02903

BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge

BK No. 02-14346; A.P. No. 04-1029

  Heard on September 29, 2004, on the Defendant Paul Grothe's Motion to Dismiss or Abstain and the Objection of the Plaintiff, Rene Maroten. For the reasons argued by the Defendant, I find that permissive abstention is appropriate as to the claims of Plaintiff Maroten pursuant to 28 U.S.C. § 1335(c)(1). The Defendant's Motion to Dismiss is DENIED and his request for abstention is GRANTED. Should the Defendant prevail in the state court litigation and if Maroten raises claims for indemnification against the estate or the Trustee, the parties are ordered to return to this Court to litigate any indemnification claims.

  Dated at Providence, Rhode Island, this 4th day of October, 2004.

                Arthur N. Votolato
                U.S. Bankruptcy Judge

Entered on docket 10/4/2004

1